UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VIVIAN RANKIN,

       Plaintiff,

                            Case No. 2:15-cv-453
   v.                       CHIEF JUDGE EDMUND A. SARGUS, JR.
                            Magistrate Judge Norah McCann King

ASHRO, INC.,

       Defendant.

### OPINION & ORDER

This matter is before the Court on Defendant Ashro's Motion to Stay Pending Arbitration (ECF No. 6).  For the reasons that follow, Ashro's Motion is **GRANTED**.

### I. BACKGROUND

After perusing Ashro's clothing catalog, Plaintiff Vivian Rankin called the company and placed an order.  (Chamberlain Aff. ¶ 8; ECF No. 6-2.)  Rankin also requested an Ashro credit account, which the company advertised in the catalog's center order form.  (*Id.*)  This credit offer stated that "[u]pon approval of an account, we will send you a copy of the account agreement" and "[y]ou will have an opportunity to return the merchandise and cancel the account after you have reviewed the agreement."  (Catalog Terms; ECF No. 6-3.)  Ashro approved her credit account, shipped her merchandise along with two documents setting out the credit agreement, and charged the full amount of her order ($432.57) to her new account.  (*Id.*)  Rankin then received her package along with two documents that explained the credit agreement governing her account.  (*Id.* ¶ 9.)

The documents sent with the clothes informed Rankin of her right to cancel the account:

> **RIGHT TO CANCEL:** If you do not wish to accept the terms and conditions of this account, you may cancel the account and return any merchandise that has been shipped to you. To cancel the account and return the merchandise you must call 1-800-717-7739 within fifteen (15) days of the order date shown on the enclosed acknowledgement. The cancellation will not be effective until we receive all returned merchandise, unused, in its original packaging.

(Credit Terms; ECF No. 6-5.) The terms also called for the parties to submit "all disputes, claims, or controversies" surrounding the credit account and the purchase to binding arbitration. (Chamberlain Aff. ¶ 11; Credit Terms; ECF No. 6-5.) Rankin declined to call and cancel. (Chamberlain Aff. ¶ 10.)

As time passed, Rankin grew dissatisfied with Ashro's billing and collection practices. She brought this law suit alleging violations of the Ohio Consumer Sales Practices Act, the Telephone Consumer Protection Act, and Ohio common law. Ashro now moves to stay these proceedings pending arbitration, pointing to the terms that accompanied her merchandise.

## II. STANDARD OF REVIEW

The Federal Arbitration Act, 9 U.S.C. § 2 ("FAA"), provides that a written agreement to arbitrate disputes arising out of contracts involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." When the action falls under the arbitration clause, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

2

While the FAA preempts state law regarding arbitration, *Glazer v. Lehman Bros., Inc.,* 394 F.3d 444, 451 (6th Cir.2005), state contract law governs issues of formation, such as validity, revocability, and enforceability, with respect to the arbitration clause, *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). "The federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law." *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005).

## III. ANALYSIS

Rankin presses that she "did not agree to arbitrate claims when the account was opened" and faults Ashro for sending the account terms along with her purchased merchandise. (Resp. at 1-2; ECF No. 7.) She offers no dispute that the language of the terms encompasses the current dispute. In Ohio, the "[e]ssential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Rayess v. Educ. Comm. for Foreign Med. Graduates*, 983 N.E.2d 1267, 1271 (Ohio 2012).

These elements are satisfied here. The account agreement is an "accept-or-return" type of contract. The catalog contained Ashro's account offer and alerted Rankin that the company "will send you a copy of the account agreement" and that she "will have an opportunity to return the merchandise and cancel the account after [she has] reviewed the agreement." (Catalog Terms; ECF No. 6-3.) On cue, Ashro shipped to Rankin the merchandise along with the account agreement terms that included the arbitration provision and a notice that if she did not wish to accept the agreement, she had a right to cancel the account by calling within fifteen days of the order date. (Credit Terms; ECF No. 6-5.) Rankin made no such call. At that point, there was a "meeting of the minds" because she assented to the terms. *See Higgs v. Auto. Warranty Corp. of*

*Am.*, 134 F. App'x 828, 831-32 (6th Cir. 2005) (holding under Ohio law that a warranty purchaser agreed to arbitration clause in service contract that was sent after he completed application for contract and paid money because subsequent service contract stated that it would become effective unless the purchaser returned the warranty for full refund within 10 days and the purchaser did not do so); *see also Hill v. Gateway 2000*, 105 F.3d 1147, 1148 (7th Cir. 1997) (holding customer who purchased computer over the phone is bound by arbitration clause found in the terms that accompany the computer at delivery where the terms state that they govern unless the customer returns the computer within 30 days and customer elects not to do so).

Though Rankin points out that she did not possess the terms at the time her order, that is of no moment because the contract formed not at the time that of purchase, but rather when she received the terms and declined to reject them within fifteen days. *See Higgs*, 134 F. App'x at 830-31 (rejecting argument that arbitration provision was not enforceable because it was found in a document provided to purchaser after he signed and submitted his registration form with payment). As the Sixth Circuit has observed, "[t]he 'accept-or-return' mechanism to contract formation has been enforced by courts, including in contexts involving the sale of products and services by mail and telephone, . . . credit card agreements, and bank account agreements." *Id.* at 831 (collecting cases). This type of agreement "'relies on the proposition that a contract is formed not at the time of purchase or earlier but rather when the purchaser either rejects by seeking a refund or assents by not doing so within a specified time, providing the purchaser with an opportunity to review the proposed terms.'" *Id.* (quoting *Register.Com, Inc. v. Verio, Inc.,* 356 F.3d 393, 431 n.43 (2d Cir. 2004)). Rankin offers no explanation as to what sets her case apart, and the Court discerns none.

Next, Rankin asserts that even if she agreed to the arbitration clause, that clause is unconscionable in these circumstances and thus unenforceable.   As the party asserting this defense, Rankin "bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Taylor Bldg. Corp. of Am. v. Benfield*, 884 N.E.2d 12, 20 (Ohio 2008).  She has not made either showing.

Substantive unconscionability "involves consideration of the terms of the agreement and whether they are commercially reasonable." *Hayes v. Oakridge Home*, 908 N.E.2d 408, 414 (Ohio 2009).  Rankin does not point to any terms as commercially unreasonable.

"Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, who drafted the contract, whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question." *Taylor*, 884 N.E.2d at 22 (internal quotation marks and alterations omitted).   First, Rankin alleges unconscionability on the grounds that Ashro drafted the agreement.  But that alone fails to render the agreement unconscionable. *See id.* at 23 ("[S]imply showing that a contract is preprinted and that the arbitration clause is a required term, without more, fails to demonstrate the unconscionability.").  Next, Rankin notes that she lacked counsel during the fifteen-day period to cancel her account.  True, but she had ample time to consult with an attorney and cancel the account if she wished to do so. *See id.* (rejecting unconscionability argument where "the circumstances d[id] not show that [the plaintiffs] were prevented from consulting with an attorney if they wished"); *see also Crouse v. LaGrange Junction Ltd.*, 973 N.E.2d 822, 827 (Ohio Ct. App. 2012) (similar).  Last, Rankin asserts that she was unaware of the arbitration provision and did not understand its meaning.  But the "law does not require that each aspect of a

contract be explained orally to a party," and "[a] party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms." *Estate of Brewer v. Dowell & Jones*, 2002 WL 1454069, at *2 (Ohio Ct. App. 2002).

One last thing regarding unconscionability:  Rankin presses that "this Court must hold a hearing on whether the arbitration provision is void," pointing to *Molina v. Ponsky*, 2005 WL 3219720, at *3 (Ohio Ct. App. 2005).  Not so.  That decision observed that courts may indirectly enforce arbitration agreements by staying proceedings pending arbitration under Ohio Rev. Code § 2711.02, or directly enforce these provisions by compelling parties to arbitrate under Ohio Rev. Code § 2711.03.  2005 WL 3219720, at *3 (Ohio Ct. App. 2005).  Enforcing motions to compel arbitration requires a hearing.  *Id.*  "In granting motions to stay," however, "a trial court is not required to hold a hearing; rather, it must be 'satisfied' that arbitration is proper."  *Id.* Ashro moves to stay these proceedings, and for the reasons outlined above, the Court is satisfied that arbitration is proper.

Rankin's final argument is that Ashro cannot enforce the arbitration agreement because the provision lists the American Arbitration Association ("AAA") as the arbitration forum and that association "announced a moratorium on debt collection arbitrations." (Resp. at 5.) But the moratorium, according to a notice provided by Rankin, applies to "consumer debt collection programs or bulk filings and individual case filings *in which the company is the filing party* . . . ." (Exhibit B; ECF No. 7 (emphasis added).)  The notice goes on to clarify that "[t]he AAA will continue to administer all demands for arbitration filed by consumers against businesses as well as all other types of consumer arbitrations . . . ."  (*Id.*)  This language leaves the Court unable to conclusively determine whether the AAA is unavailable to arbitrate the instant dispute. Thus, Rankin should submit this case to the AAA, and if that association considers her claims

6

subject to its moratorium, the parties shall notify the Court, which will then consider whether arbitration is appropriate. *See Straub v. Citifinancial Auto Credit, Inc.*, No. 2:10-CV-620, 2011 WL 587291, at *4, 6 (S.D. Ohio Feb. 9, 2011).

## IV. CONCLUSION

For the reasons outlined above, Ashro's Motion to Stay Pending Arbitration (ECF No. 6) is **GRANTED**. The Court **DIRECTS** the parties to advise the Court of the status of this controversy no later than thirty (30) days after the arbitration concludes.

**IT IS SO ORDERED.**

4 - 23 - 2015
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

7